IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-031-TCK |
| ) | (03-CV-481-TCK-FHM) |
| JAMES HIRIAMES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are motions "for a out of time of appeal and motion to appoint counsel" (Dkt. # 557) and to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 585) filed by Defendant James Hiriames ("Defendant" or "Hiriames"). The Government filed a response to the § 2255 motion (Dkt. # 610). Defendant did not file a reply. For the reasons discussed below, the Court finds Defendant's motions shall be denied.

### *BACKGROUND*

On March 14, 2001, the government filed an indictment (Dkt. # 1) charging Defendant and 12 co-defendants with one (1) count of conspiracy to possess with intent to distribute and distribution of a quantity of cocaine in excess of five (5) kilograms. On April 20, 2001, Defendant was arraigned and attorney Art Fleak was appointed to represent him. On December 13, 2001, Defendant was arraigned on a 153-count third superseding indictment (Dkt. # 356) with criminal offenses related to an alleged conspiracy to transport, store and distribute cocaine, cocaine base and marijuana, and to launder the profits associated with the venture. Jury trial commenced on April 15, 2002, for Hiriames and one of his co-defendants, Meldon Allen. On the first day of trial, the government presented two (2) witnesses whose testimony was extremely damaging to Hiriames' case. The next day, without a plea agreement, Hiriames pled guilty to Count 1. In exchange for

pleading guilty, the government moved to strike the 21 U.S.C. § 851 Information providing for sentence enhancement for a prior drug conviction. The Court granted the motion and the § 851 Information was stricken.

On August 7, 2002, the Court denied Defendant's motion for a downward departure and sentenced him to 121 months in prison. Dkt. # 493. Judgment (Dkt. # 501) was entered August 13, 2002. At sentencing, Defendant was advised of his appeal rights. Defendant, however, did not appeal.

On December 26, 2002, Defendant filed a "motion for a out of time of appeal and motion to appoint counsel" (Dkt. # 557). In that motion, Defendant states that he "requested his counsel to file an appeal on his behalf and his attorney fail (sic) to do so." On July 23, 2003, Defendant filed a 28 U.S.C. § 2255 motion (Dkt. # 585). In his § 2255 motion, Defendant raises two (2) claims, quoted in their entirety as follows:

> Ground one: Sufficiency of indictment, third superseding indictment dated April 16, 2001, charged with 21 USC 846 and 841(a) and (b)(1)(B)(ii).
> The indictment count 1, filed December 6, 2001, charged the defendant with 21 USC 846 and 21 USC 841(a) and (b) (1)(B)(ii). The amount stipulated on item 3 page 8 of the indictment: That James Hiriames traveled to Dallas, Texas and picked up (2) kilos of cocaine and one (1) pound of methamphetamine. There was never any evidence presented to support the methamphetamine all (sic) allegation, none was cocaine base (in excess of fifty (50) grams) ever stipulated to in the indictment the final judgment & commitment, dated Aug,. 12, 2002, was filed showing 21 USC 846 with the amounts of in excess of five (5) kilograms of cocaine and in excess of fifty grams of cocaine base. Indictment clearly breaches test of sufficiency.
>
> Ground two: Ineffective assistance of counsel.
> Defendant relied on court appointed counsel to advise and direct him after sentencing to appeal for relief. Defendant did not speak with counsel after that date Aug. 7, 2002, despite defendant's efforts to call from the county jail where defendant was being held in custody. Irreparable damage, an appeal was never filed on defendant's behalf with the court.

(Dkt. # 585). The government filed a response (Dkt. # 610) to the motion. Defendant did not file a reply.

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, and for the reasons discussed in more detail below, no evidentiary hearing will be held.

### B. Claims raised pursuant to 28 U.S.C. § 2255

#### *1. Sufficiency of the indictment*

As his first proposition of error, Defendant challenges the sufficiency of the indictment. Defendant complains that while the third superseding indictment included a charge that he traveled to Dallas, Texas, to pick up both two (2) kilos of cocaine and one (1) pound of methamphetamine, there was never any evidence presented concerning the methamphetamine. In addition, there was never any evidence presented concerning cocaine base, but the Judgment entered in this matter shows that he was convicted of conspiracy to possess cocaine with intent to distribute and to distribute cocaine in excess of five kilograms and cocaine base in excess of fifty grams. See Dkt. # 501.

Defendant's challenge to the sufficiency of the indictment could have been but was not raised in a direct appeal. "Generally, a movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the

3

default and actual prejudice." United States v. Wiseman, 297 F.3d 975, 979 (10th Cir.2002); see United States v. Frady, 456 U.S. 152, 167-68 (1982). In response to the § 2255 motion, the government raises the procedural bar defense but also asserts that the claim lacks merit. Despite the obvious applicability of the procedural bar defense and given the ineffective assistance of counsel claim discussed below, the Court's "consideration of the procedural bar would not be an efficient use of judicial resources in this case." Wiseman, 297 F.3d at 980. Therefore, the Court shall proceed with an analysis of the merits of this claim.

The third superseding indictment (Dkt. # 356) filed in this case states the types of controlled substances, their weights, and references the applicable penalty sections. In addition, Defendant admitted to each element of the crime prior to the Court's acceptance of his plea. Finally, even if the indictment were defective, Defendant waived all non-jurisdictional defenses when he entered his voluntary plea of guilty to Count 1. United States v. Flynn, 309 F.3d 736, 739 (10th Cir. 2002) (citing United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990)). The claim asserted in the § 2255 motion does not raise jurisdictional implications. United States v. Cotton, 535 U.S. 625, 631 (2002) ("[T]his Court some time ago departed from [the] view that indictment defects are 'jurisdictional.'"); see also United States v. Pettigrew, 346 F.3d 1139, 1146 (D.C. Cir. 2003) ("[T]he omission of drug quantity from jury instructions is not a jurisdictional error."). The Court finds, therefore, that Defendant waived his objection to the indictment when he voluntarily entered his guilty plea. Defendant is not entitled to relief on this claim.

### 2. *Ineffective assistance of counsel claim*

As ground two of his § 2255 motion, Defendant claims that he received ineffective assistance of counsel because his attorney failed to perfect a direct appeal. As stated above, on December 26,

2002, Defendant filed a "motion for a out of time of appeal and motion to appoint counsel" (Dkt. # 557). In that motion, Defendant asserts that he "requested his counsel to file an appeal on his behalf and his attorney fail (sic) to do so." See id. In support of his assertion, Defendant provided his own affidavit stating that he asked his attorney to file a notice of appeal on August 7, 2002, after sentencing, and that he called his attorney "to (sic) days latter (sic)" and was told by his attorney that "he would take care of that." See Dkt. # 557, attached affidavit. Seven (7) months later, Defendant filed his § 2255 motion, asserting that he received ineffective assistance of counsel because he "relied on court appointed counsel to advise and direct him" concerning an appeal, and that he "did not speak with counsel after that date Aug. 7, 2002, despite defendant's efforts to call from the county jail where defendant was being held in custody." See Dkt. # 585.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Cases in which a criminal defendant explicitly instructs his attorney to file a notice of appeal are subject to a bright-line rule. See Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000). According to the Tenth Circuit, "a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable. And , if counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal likely would have had merit." United States v. Garrett, 402 F.3d 1262, 1265 (10th Cir. 2005) (internal citations omitted). Thus, if the Court determines that Defendant's attorney, Art Fleak failed to honor a request to file a notice of appeal, it must grant Defendant's § 2255 motion on that ground.

The Court first notes that at the conclusion of the sentencing hearing, Defendant was advised

5

of his appeal rights. Specifically, the Court instructed that "Mr. Hiriames, you have the right to appeal the Judgment and Sentence of this Court to the Tenth Circuit Court of Appeals. In the event you do not have the funds to hire an attorney and pursue such appeal, you may file an application to appeal in forma pauperis, which means without any expense whatsoever. If you so request, the Clerk of the Court will prepare and file a notice of appeal in your behalf. Notice of appeal in writing must be filed [] within 10 days of this date or no appeal is permitted by law. Do you understand your right to an appeal?" See Dkt. # 610, Attachment 2, Sent. Trans. At 9. In response, Defendant answered "Yes, sir." See id. Furthermore, Defendant had no objection to the presentence report prepared by the probation office. See id. at 2. Based on the government's request and its knowledge of the timing of the assistance provided by Defendant to the government, Defendant was sentenced at the low end of the range suggested by the Sentencing Guidelines. See id. at 7.

Significantly, the record made by Defendant concerning his contact with his attorney following the sentencing hearing contains notable inconsistencies. In the motion for an appeal out of time (Dkt. # 557), Defendant alleges that he asked his attorney to file a notice of appeal on August 7, 2002; in the § 2255 motion (Dkt. # 585), Defendant alleges only that he relied on his attorney "to advise and direct him." In the § 2255 motion, Defendant describes the grounds raised in the motion for an out of time appeal as follows: "Court ordered attorney did not advise at any time after sentencing the right of defendant of appeal process, due to this error, pro-se action." See Dkt. # 585. Nowhere in the § 2255 motion does Defendant allege that he directed his attorney to file a notice of appeal on August 7, 2002. Furthermore, in the affidavit in support of the motion for an appeal out of time(Dkt. # 557, attachment), Defendant states that his attorney told him he would take care of filing the appeal when Defendant telephoned him two days after sentencing; in the § 2255 motion

(Dkt. # 585), Defendant states that he did not speak with his attorney after the date of the sentencing hearing despite his (unsuccessful) effort to telephone him.   In response to the § 2255 motion, the government provides the affidavit of Defendant's attorney, Art Fleak.. In his affidavit, Mr. Fleak states as follows:

> At sentencing, I told the Defendant he had a right to appeal, but there really was nothing to appeal from; and I recommended he not appeal.  He acknowledged that he understood and agreed.  The Defendant made no further requests for an appeal to me.  I received neither letters nor phone calls from him or any of his relatives that he wanted to appeal.
> Since the Defendant indicated he did not want to appeal, none was filed.

(Dkt. # 610, Attachment 3).  Despite being afforded the opportunity to file a reply, see Dkt. # 590, Defendant did not file a reply and has not provided any evidence or other supporting factual information serving to either controvert Mr. Fleak's affidavit or clarify his inconsistent statements.

Typically, the Court will hold an evidentiary hearing to resolve conflicting statements of fact. In this case, however, the record contains significant inconsistent statements by Defendant.  The Court will not hold a hearing to allow Defendant to cure his inconsistent statements.  In light of the glaring inconsistencies in Defendant's allegations, the Court finds the statements by Defendant lack credibility while the statement by attorney Art Fleak is credible.  Furthermore, the statements made by Defendant in the § 2255 motion are consistent with those made by Mr. Fleak in his affidavit. The Court concludes, therefore, that Defendant did not request his attorney to file an appeal after the sentencing hearing. As a result, his "motion for a out of time of appeal" and his claim of ineffective assistance of counsel as raised in the § 2255 motion shall be denied. Defendant's motion for appointment of counsel shall be declared moot.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and his motion for an appeal out of time shall be denied. His motion for appointment of counsel shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's "motion for a out of time of appeal" (Dkt. # 557) is **denied**.

2. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 585) is **denied**.

3. Defendant's motion for appointment of counsel (Dkt. # 557) is **declared moot**.

4. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 18th day of January, 2008.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE